IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEOFFREY WALTHERS, | ) | Case ID. 11-212 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| UNITED STATES OF AMERICA - | ) | |
| DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff states:

1.      That plaintiff is a resident of Omaha, Douglas County, Nebraska.

2.      Jurisdiction in this matter is based upon 28 U.S.C. §1345(b) and 28 U.S.C. §§2671.2680, commonly known as the Federal Tort Claims Act.

3.      As required by statute, plaintiff initially presented his claim for personal injury on a Standard Form 95 with the defendant by mailing his claim to the Department of Veterans Affairs, Office of Regional Counsel, 1 Jefferson Barracks Drive, Bldg. 25, St. Louis, Missouri 63125 on or about September 27, 2010.  This claim was received and was assigned the claim number 76428.

4.      On March 2, 2011,  the Department of Veterans Affairs sent plaintiff notice that it had completed its investigation of the Tort Claim that had been filed and that the claim was being denied.

5.      At all times material herein plaintiff was entitled to received medical treatment at the V.A. Medical Center in Omaha, Douglas County, Nebraska (hereinafter referred to as the "V.A. Medical Center").

1

6.      On or about February 10, 2010, the plaintiff was admitted to the V.A. Medical Center for the purpose of undergoing an L4 to S1 instrumentation, decompression and fusion surgery by a surgeon referred to in the medical record as Dr. Matanaj.

7.      Upon information and belief, plaintiff alleges that Dr. Matanaj and the medical personnel assisting him during the aforementioned operative procedure were employed by the defendant.  Defendant is responsible for the actions of its employees through the doctrine of *respondeat superior.*

8.      During the course of the aforementioned operative procedure, Dr. Matanaj or one of his surgical assistants inserted a surgical device measuring 4.6 cm x 3 mm into the soft tissues of the dorsal lumbosacral junction area of plaintiff's body.   At the conclusion of the operation, and after a sponge and needle count had been conducted, Dr. Matanaj closed the incision in the lumbar area of Geoffrey Walthers, negligently leaving the surgical device in the soft tissues of the dorsal lumbosacral junction area of plaintiff's body.

9.      Following the February 10, 2010, plaintiff began experiencing pain in his lower back area which then migrated to his pelvic area.

10.      On or about April 16, 2010, on a subsequent visit to the V.A. Medical Center, plaintiff was informed by medical personnel that the surgical device had been left in his body.

11.      That the defendant, by and through its agents and/or employees, was negligent in one or more of the following respects:

a)      In failing to properly examine the operative site prior to closing the incision

2

on plaintiff, which examination, if properly performed, would have shown the presence of a surgical device;

b)      In failing to properly account for all surgical devices used prior to concluding the operation on plaintiff;

c)      In failing to properly supervise and monitor the nurses employed by the V.A. Medical Center.

12.     That as a direct and proximate result of the negligence of the agents and employees of V.A. Medical Center plaintiff sustained the following damages:

a)      persistent lumbar and pelvic pain from February 10, 2010 to the present time;

b)      permanent disfigurement from the surgical device that currently remains in plaintiff's body;

c)      Medical expenses resulting from from the surgical device being left in the soft tissues of plaintiff's lumbar dorsal sacral junction area and it is reasonably anticipated that plaintiff will require future medical care and treatment as a result of same;

d)      Physical and mental pain and suffering in the past and it is reasonably certain plaintiff will undergo additional physical and mental pain and suffering in the future;

e)      Permanent injury; and

f)      Permanent disability.

WHEREFORE, plaintiff prays for judgment against the defendant for special damages and general damages in at least the amount of $1,750,000.00.

3

Dated this 9th day of June, 2011.

GEOFFREY WALTHERS,
Plaintiff,


/s/ Mandy L. Strigenz
Mandy L. Strigenz, #20208
SIBBERNSEN, STRIGENZ, &
   SIBBERNSEN, P.C.
1111 North 102nd Court, Suite 330
Omaha, Nebraska  68114
(402) 493-7221
mandy@sibbandstrig.com

4